IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

TERRY ANDERSON                                                                    PLAINTIFF
ADC #108826

V.                              NO: 1:16CV00001 BSM/PSH

BILLY COWELL *et al*                                                           DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Relevant facts

Plaintiff Terry Anderson, an inmate at the Arkansas Department of Correction's (ADC) Grimes Unit, filed a *pro se* complaint on January 7, 2016. Doc. No. 2. Defendants are Billy Cowell, a supervisor at the ADC's Grimes Unit, nurse Brenda Bridgeman of the Grimes Unit, Dr. Robert Reichard of the Grimes Unit, and Correct Care Solutions, LLC (CCS). On June 3, 2016, Bridgeman, CCS, and Cowell filed a motion for summary judgment, a statement of facts, and a brief in support.

Doc. Nos. 20-22. Reichard filed a motion for summary judgment, a brief in support, and a statement of facts on July 20, 2016. Doc. Nos. 27-29. Anderson has not responded to either motion. Bridgeman, CCS, and Cowell have filed a motion and supporting brief requesting the facts set forth in their statement of facts be deemed admitted. Doc. Nos. 25-26.

According to Anderson's complaint, he had a pacemaker implanted on July 15, 2015. Anderson asserts he must have a scanner to monitor the pacemaker to ensure it is functioning properly. He complains that the medical staff either lost the scanner, or the medical staff has it but does not know how to use it. As a result, Anderson claims, his pacemaker is unmonitored, placing his life in danger.[1] He seeks $10 million and policy changes. Although two different motions have been filed, all defendants assert the same defense: that Anderson failed to exhaust his administrative remedies as to his claims against them before he filed his lawsuit.

## II. Standard of review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative

---

[1] Anderson does concede he was seen by a cardiologist in September.

evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement provides prison officials the time and opportunity to address complaints internally before an inmate may file a federal civil rights lawsuit. *Id.*, at 524-25.

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.* at 923-924.

The ADC follows a grievance policy that allows inmates to grieve medical and other issues. Doc. No. 21-1. That policy requires an inmate to file an "Informal Resolution" within 15 days of

an incident if he believes he has been wronged. If the inmate receives no response or is dissatisfied with the response, he can then file a formal grievance. If the grievance is medical in nature, it is forwarded to the appropriate medical personnel for response. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate has 5 days to appeal to the Deputy Director for Health and Correctional Programs. Once the Deputy Director responds, the grievance process is exhausted. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit (emphasis added). Doc. No. 21-1. The policy also requires grieving inmates to specifically identify date, place, name of personnel involved, and how they were affected.

In support of their claim that Anderson failed to exhaust his administrative remedies with respect to his claims against them, all defendants cite the declaration of Shelly Byers, the ADC's Medical Grievance Coordinator. Doc. Nos. 21-2 & 27-1. According to Byers, Anderson filed one medical grievance from July 1, 2015 through the date he filed his lawsuit. That grievance, GR-15-01205, shows that an Informal Resolution was initiated September 3, 2015, and Anderson claimed concern that his pacemaker had not been scanned to see if it was working properly. Doc. No. 27-3. Staff responded to the complaint on September 6, 2015, stating "Records show you were seen by V. Cannon APN on 8/27/15 for pacemaker check concerns. She noted she instructed you that you have an appointment for pacemaker check." Anderson filed a formal grievance on September 6, 2015. His grievance states as follows:

> I have a pacemaker put in July 15, 2015 and it is critical that it be scanned by the proper machine. It was supposed to be scanned in July and was not. **ADC medical personal** have failed to provide me with the proper medical attention that I need. I my health is very important to me and my family. In so doing **medical personal** of the Arkansas Department of Corrections has failed to provide proper

4

>     medical attention. Also they have subjected me to cruel and inhuman punishment. ADC has placed my health in harms way and has showed medical indifference by not allowing me to be properly treated by **medical personal**. **ADC Newport Grimes Unit medical personal** need to conduct themselves in a proffional manner and allow me the proper treatment for my serever medical condition. And stop showing unethical conduct. This matter needs to be addressed immiately so my health is not in danger. Thank you.

Doc. No. 27-3, page 5 (emphasis added). The grievance did not identify any medical personnel by name, nor did it identify specific dates on which Anderson claims to have not received proper medical attention. The grievance, however, was not rejected for failure to identify dates or names of personnel about whom Anderson was complaining. It was instead evaluated by Health Services.

The Health Services Response to the grievance refers to the evaluation by V. Cannon APN on August 27, 2015, noting that Cannon assessed Anderson, developed a treatment plan, and notified Anderson that an appointment had been made for him to get the pacemaker checked. *Id.*, page 2. The Response also indicates that Reichard saw Anderson on September 16, 2015, after Anderson had seen his cardiologist for a follow up appointment. Reichard noted the cardiologist's recommendation for a medication and a follow up appointment in 6 weeks. According to the Response, Reichard ordered the medication and submitted the consult for the cardiology follow up. *Id.* The Response concludes that Anderson was receiving appropriate medical care, and the grievance was without merit. *Id.*

Anderson appealed, stating that his pacemaker had not been checked, and his cardiologist gave instructions to ADC medical personnel that were not followed properly. The Director's decision indicates that staff had requested notes from Anderson's September 16, 2015 cardiologist visit as well as additional information regarding discharge instructions given when Anderson was released after his July 15, 2015 surgery. Additionally, staff had inquired about the machine used

to check the status of the pacemaker. The information requested had not been received and staff was to "continue to follow up on this issue." *Id.*, page 1. The appeal was found to have merit "due to the medical department not properly addressing" Anderson's complaint. *Id.*

Defendants correctly assert that Anderson's exhausted grievance fails to identify any of them, despite the ADC's policy requiring grievances to be specific as to, among other things, the personnel involved. Nothing in the responses to the grievance suggests that defendants Cowell, Bridgeman, or CCS were evaluated when Health Services investigated the grievance. Although the response indicates records from Reichard's visit with Anderson on September 16, 2015 were reviewed, nothing about the response indicates Reichard was investigated for not monitoring Anderson's pacemaker. Rather, the response simply notes Reichard ordered medication for Anderson, and submitted a consult for Anderson to follow up with his cardiologist. In fact, the only discussion of Anderson's pacemaker issues involved advanced practice nurse V. Cannon, who is not named as a defendant. The ADC's requirement that inmates specifically identify personnel involved when they file grievances helps to insure that a proper investigation and response can be completed. In this instance, Anderson's failure to name the defendants in his grievance prevented the ADC from investigating it fully. *See Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014).

Anderson has offered no response to defendants' argument that he failed to exhaust his administrative remedies with respect to any claim against them, and he has not filed a statement of disputed facts. Accordingly, the Court accepts as undisputed the statements set forth in the defendants' statements of fact. *See* Local Rule 56.1(c). The motion to deem admitted filed by Bridgeman, CCS, and Cowell, Doc. No. 25, should be granted, and defendants are entitled to summary judgment.


## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion to deem admitted filed by defendants Brenda Bridgeman, Correct Care Solutions, LLC, and Billy Cowell, Doc. No. 25, be GRANTED.

2. The motions for summary judgment filed by defendants Bridgeman, Correct Care Solutions, LLC, Cowell, and Robert Reichard, Doc. Nos. 20 & 27, be GRANTED, and plaintiff Terry Anderson's complaint be DISMISSED WITHOUT PREJUDICE.

3. The Court certify that an *in forma pauperis* appeal from the order and judgment dismissing this case would not be taken in good faith.

DATED this 24th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE